IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINA AWWAD | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) CIVIL ACTION NO.: |
| v. | ) |
| | ) |
| ANTHONY VINCE NAIL SPA, | ) JURY DEMAND |
| | ) |
|     DEFENDANT. | ) |
| | ) |
| | ) |

**COMPLAINT**

**I.    JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(4), 2201 and 2202.  This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 2000(e), *et seq*. (hereinafter "Title VII"), 42 U.S.C. § 1981a and 42 U.S.C.§ 1981. The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured by Title VII and 42 U.S.C.§ 1981, providing for injunctive and other relief against race discrimination, national origin discrimination and retaliation.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action

under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e et seq. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-to-Sue letter from the EEOC.

3. Venue is proper in the Northern District of Alabama Southern Division under 28 U.S.C. §1391(b), and pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

## II. PARTIES

4. Plaintiff, Lina Awwad ("Plaintiff") is a citizen of the United States, and a resident of the State of Alabama.

5. Defendant, Anthony Vince Nail Spa, ("Defendant" or "Anthony Vince") is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

## III. FACTS

6. Plaintiff is a white female of United States of America national origin who began working at Defendant on May 12, 2018 as a Nail Technician at its Birmingham location, which is at the Summit.

7. Defendant describes itself on its website as follows: "Anthony Vince' Nail Spa is the United States' premiere nail care destination founded in 2004. Under

visionary leadership the salon has grown from 1 location to more than 50 locations across the country."

8. Plaintiff was one of two white American Nail Technicians at the Summit location; nearly all of the other Nail Technicians were Vietnamese.

9. On a constant and continuous basis during Plaintiff's employment, the manager of the nail salon, Thao Ha, who is Vietnamese, called Plaintiff names, hit her, screamed in her face, called her "fat," "lazy American," and other derogatory terms focused on her American national origin and her white race.

10. Thao told Plaintiff that "no one wants Americans working on their nails" and that "he needs more hard working Vietnamese people because Americans are lazy."

11. Thao made Plaintiff choose an "American" name, Hannah, when she started working there because there was already someone with the name Lina working at Defendant.

12. Plaintiff's Vietnamese co-workers received a 60% commission, much of it in cash, while Defendant paid Plaintiff and the other white American employee 55% commission with no cash.

13. Customers were supposed to be assigned to employees based on the time the employee signed into work; however, Defendant, through its manager Thao,

regularly skipped Plaintiff and sent the arriving customers to Vietnamese employees who got to work after Plaintiff.

14. Thao also assigned Plaintiff the hardest jobs that paid the least money while assigning the highest paying and easiest jobs to his Vietnamese employees.

15. Plaintiff has been a licensed Nail Technician for decades and is capable of performing the most lucrative services offered at Defendant.

16. Plaintiff filed a Charge of Discrimination on December 21, 2018 and an amended Charge on February 1, 2019.

17. After Plaintiff filed her EEOC Charge, Defendant retaliated against her by cutting her pay and by assigning her cheaper services and fewer clients.

18. Thao stated he no longer wanted Americans working there because Americans gave him problems and were lazy while Vietnamese people worked hard.

19. On Friday, March 8th, Thao fired Plaintiff for a non legitimate reason.

20. Before firing Plaintiff Thao had hired around six new nail technicians, all Vietnamese.

21. Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

22. Plaintiff has no plain, adequate or complete remedy at law to redress the

wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, liquidated, compensatory and punitive damages is her only means of securing adequate relief.

23. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## IV.    CAUSES OF ACTION

### Count I – National Origin Discrimination under Title VII

24. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

25. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a.

26. During her employment, Defendant discriminated against Plaintiff because of her American/ non-Vietnamese national origin by taking adverse employment actions up to and including terminating her employment.

27. Defendant's articulated reasons for these adverse employment actions, up to and including termination, are not legitimate.

28. Plaintiff may prevail under either a "pretext" theory or under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating Plaintiff's

employment, Plaintiff's American national origin was at least a motivating factor in the adverse employment actions Defendant took against her.

29. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

30. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

31. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**Count II – Race Discrimination under Title VII and Section 1981**

32. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

33. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

34. During her employment, Defendant discriminated against Plaintiff because of her white race by taking adverse employment actions up to and including terminating her employment.

35. Defendant's articulated reasons for these adverse employment actions, up to and including termination, are not legitimate.

36. Plaintiff may prevail under either a "pretext" theory or under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating Plaintiff's employment, Plaintiff's race was at least a motivating factor in the adverse employment actions Defendant took against her.

37. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

38. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

39. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**Count III – Race/national Origin Harassment under Title VII and Section 1981**

40. Plaintiff re-alleges and incorporate by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

41. Defendant subjected Plaintiff to a race/national origin hostile work environment that was sufficiently severe or pervasive to alter the terms and conditions of her

employment.

42. The hostile work environment was objectively and subjectively hostile and abusive because a reasonable person would find the work environment endured by Plaintiff hostile and abusive, Plaintiff perceived the environment to be hostile and abusive and the harassment negatively impacted Plaintiff's employment by making it more difficult to do her job.

43. Plaintiff subjectively perceived the race/national origin harassing treatment she endured to be hostile and abusive, and such conduct actually negatively impacted the conditions of her employment.

44. Defendant failed to guard against the misconduct of its employees, failed to train its managers and employees, failed to monitor their performance and conduct and failed to take adequate remedial action.

45. Defendant had no effective national origin harassment policies and no effective procedures for handling complaints of national origin harassment.

46. Defendant was made aware of this hostile and abusive environment, and continuously refused to take appropriate remedial action.

47. Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate action and by terminating Plaintiff's employment.

48. Defendant is directly and vicariously liable for the conduct of its managerial

employee that amounted to the race/national origin harassment suffered by Plaintiff.

49. Thao had recently stated he no longer wanted Americans working there. He said Americans give him problems and they are lazy. He said Vietnamese people work hard.

50. The race/national origin harassing conduct towards Plaintiff, and Defendant's ratification of such conduct, adversely affected Plaintiff's job because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do her job and cumulated with the termination of her employment ending.

51. Defendant, by and through its agent, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

52. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

53. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## Count IV – Retaliation in Violation of Title VII and Section 1981

54. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

55. Plaintiff engaged in protected activity when she filed an EEOC Charge.

56. After Plaintiff filed an EEOC Charge, instead of remedying the discrimination and harassment Defendant retaliated against Plaintiff by taking materially adverse employment actions up to and including terminating her employment.

57. But for Plaintiff's engagement in protected activity, Defendant would not have taken these materially adverse employment actions against her.

58. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

59. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

60. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction

of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., and 42 USC § 1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq, and 42 USC § 1981.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement in the position and salary level she would have occupied absent discrimination, backpay, front pay if reinstatement is not possible, lost wages (plus interest), medical expenses, compensatory and punitive damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and

expenses.

## Jury Demand

## Plaintiff Demands a Trial by Struck Jury.

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s
Christina M. Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-t46e
Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS CHILDS PANTAZIS**
**FISHER & GOLDFARB, LLC.**
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**Defendant's Address:**
**ANTHONY VINCE NAIL SPA**
c/o Nguyen, Hoang
7236 Eastchase Parkway
Montgomery, AL 36117